WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mena Bishara,<br><br>  Plaintiff,<br><br>vs.<br><br>U.S. Bank Home Mortgage; a Corporation; MERS; US Bank NA; Does I through X inclusive,<br><br>  Defendants. | No. CV 11-1905-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' U.S. Bank NA d/b/a U.S. Bank Home Mortgage's ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Doc. 4) and Plaintiff's Motion to Amend (Doc. 19). The Court now rules on the Motions.

**I.   BACKGROUND**

In or around April 2008, Plaintiff executed a promissory note in the amount of $830,231.00, in connection with a loan from U.S. Bank (Amended Complaint, Doc. 1-1 at 5). The promissory note was secured by a Deed of Trust recorded against the property located at 17422 North 100th Place, Scottsdale, Arizona 85255 (the "Property"). (*Id.*). Plaintiff alleges that he signed a Deed of Trust intended to secure the promissory note on the Property, but the Deed of Trust that was recorded was not, in its entirety, the same Deed that he signed. (*Id.* at 3, ¶ 10 and 2, ¶6b). Plaintiff alleges that he was never given a copy of the Deed of Trust that he actually signed. (*Id.* at 3, ¶ 10). Plaintiff alleges that his signature on

pages 20 and 23 of the Deed of Trust and his initials on pages 19 and 23 of the Deed of Trust were forged on the Deed of Trust that was recorded.[1] (*Id.* at 2, ¶ 6b and Exhibit B, Doc. 1-1 at 82-85).

On May 6, 2010, a Notice of Trustee's Sale was recorded, which set the Trustee's sale of the Property for August 5, 2010. (Doc. 1-1 at 75). Exhibit A to the Notice of Trustee's Sale was a Statement of Breach or Non-Performance, stating that Plaintiff had failed to make monthly payments on the loan from May 1, 2009 through May 6, 2010 (the date of the Notice). (Doc. 1-1 at 77). Plaintiff admits that he fell behind on his mortgage payments. (*Id.* at 7).

Plaintiff alleges that, after the Trustee's Sale was scheduled, he attempted to secure a loan modification agreement with U.S. Bank. (*Id.* at 7). Plaintiff alleges that U.S. Bank instructed the Trustee to postpone the sale of the Property several times while they attempted to negotiate a loan modification. (*Id.*). Plaintiff alleges that "Defendants drag the process for a long time to exhaust Plaintiff effort to modify the loan," so he "gave up on Defendants modification and decided to secure new loan to pay Defendants but in the process of getting a copy of the Deed of Trust . . . Plaintiff discovered the fabricated recorded deed of trust

---

[1] The Court notes that these page numbers do not actually correspond to page numbers on the Deed of Trust that Plaintiff attached to his Complaint. The document that Plaintiff refers to as the "Deed of Trust" attached to the Complaint contains the following documents: Deed of Trust, 15 pages; Exhibit A, 1 page; Initial Interest and Adjustable Rate Rider, 4 pages; and Planned Unit Development Rider, 3 pages. The Court notes that these documents have hand-written sequential numbering in the lower right hand corner.

Accordingly, the Court will assume for the purposes of this Order that Plaintiff disputes the signature on page 4 of 4 of the Initial Interest Adjustable Rate Rider (page 20 when counting sequentially and bearing handwritten number "20" in the lower right hand corner), page 3 of 3 of the Planned Unit Development Rider (page 23 when counting sequentially and bearing handwritten number "20" in the lower right hand corner), and the initials on page 3 of 4 of the Initial Interest Adjustable Rate Rider (page 19 when counting sequentially and bearing handwritten number "19" in the lower right hand corner). Although Plaintiff alleges the "initials" on page 23 are also a forgery, there are no initials on page 23 of the document provided by Plaintiff.

- 2 -

1 which prevented Plaintiff ability to secure a loan on the property." (*Id.* at 7).

2       Plaintiff filed suit in Maricopa County Superior Court on May 3, 2011. (*Id.* at 58).
3 On August 22, 2011, Plaintiff amended his Complaint. (*Id.* at 5). The Amended Complaint
4 raises claims for unjust enrichment, fraudulent reconveyance, breach of good faith and fair
5 dealing, and seeks damages of: a Declaratory Judgment that Defendants are in violation of
6 Arizona law by recording a forged deed of trust with the Maricopa County Recorder, a
7 preliminary injunction stopping the foreclosure and sale of the Property until production of
8 the original deed of trust, an Order that Defendants return all monies received from Plaintiff
9 under a forged deed of trust, and emotional and punitive damages. (*Id.* at 5-9).

10       On September 1, 2011, Plaintiff filed an Application for Temporary Restraining Order
11 seeking to enjoin the Trustee's Sale scheduled for September 16, 2011 at 10:00 a.m. (*Id.* at
12 114). On September 20, 2011, Judge Michael R. McVey of the Maricopa County Superior
13 Court entered the following Minute Entry:

> On September 1, 2011, Plaintiff filed an Application for Temporary Protective Order. The Court was unwilling to issue a temporary restraining order based on the application. However, at the direction of the Court, court staff advised Plaintiff that it would set an Order to Show Cause Hearing. Plaintiff was advised to provide the Court with an Order to Show Cause for the signature of the Court. The Court has heard nothing from Plaintiff since then. Presumably the trustee sale scheduled for September 16, 2011, has either occurred, or has been postponed. No further action will be taken at this time.

(*Id.* at 118).

The case was removed to this Court on September 27, 2011. (*Id.*).

      On October 4, 2011, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 4). Defendants argue that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and because Plaintiff's claims for forgery are time barred, were waived, or are in the nature of fraud and not adequately pled as required by Federal Rule of Civil Procedure 9(b). (Doc. 4 at 1).

**II.   LEGAL STANDARD**

- 3 -

### A. Rule 12(b)(6) of the Federal Rules of Civil Procedure

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, in deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a Complaint in the light most favorable to the drafter of the Complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept

- 4 -

as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### B. Rule 9(b) of the Federal Rules of Civil Procedure

With respect to Plaintiffs' allegations of fraud, Rule 9(b) governs the pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (quotations and citations omitted).

### III. ANALYSIS

Plaintiff's Complaint includes three causes of action: (1) unjust enrichment, (2) fraudulent reconveyance, and (3) breach of good faith and fair dealing. All three of these Counts arise from the alleged forgery of Plaintiff's Deed of Trust and Plaintiff's allegation that Defendants failed to give him a loan modification.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Rule 8. Plaintiff has failed to plead enough facts in his

- 5 -

1  Complaint to state a claim upon which relief can be granted and the facts pleaded in the
2  Complaint do not support theories of liability for the claims that Plaintiff has alleged against
3  Defendants. Further, Plaintiff has failed to individualize Defendants by identifying which
4  wrongdoing was committed by which Defendant. This has left Defendants and the Court
5  with the impossible task of guessing which claims are asserted against which Defendant.
6  Rather than attempting to cure this problem in his Response to Defendants' Motion to
7  Dismiss, Plaintiff simply repeats and elaborates on facts originally alleged in his Complaint.
8  The Court will discuss these facts in more detail below.

### A. The Loan Modification

10  The Court is unable to determine if any of the Counts in the Complaint relate to
11  Plaintiff's failure to obtain a loan modification. However, in his Response to Defendants'
12  Motion to Dismiss, Plaintiff argues that he "filed the original action against Defendants to
13  get a loan Modification." (Doc. 9 at 1). This is not an appropriate use of the judicial process
14  unless Plaintiff is able to allege some wrongdoing on Defendants' part that would entitle him
15  to a loan modification. Plaintiff has failed to do so.

16  Plaintiff alleges that he "fell behind on his mortgage payment," and "attempted to
17  secure a loan modification with US Bank Home Mortgage," but due to Defendants' alleged
18  "dragging out" of the modification process, "Plaintiff gave up on Defendants [sic]
19  modification and decided to secure [sic] new loan to pay Defendants." (Doc. 1-1 at 7). The
20  Court can ascertain no viable cause of action from Plaintiff's allegations relating to his
21  failure to obtain a loan modification.

### B. The Forgery

23  All three of the Counts of Plaintiff's Complaint appear to arise from the alleged
24  forgery of Plaintiff's signature on the Deed of Trust.[2] Plaintiff has failed to plead enough
25  facts linking this alleged forgery to Plaintiff's claims against Defendants. Plaintiff

---

[2] The Court notes that the signatures and initials that Plaintiff actually alleges are forgeries are not contained in his Deed of Trust, but are rather contained in documents recorded with or supplementary to the Deed of Trust. (*See* Footnote 1).

- 6 -

acknowledges that he entered into a loan agreement with U.S. Bank and that he executed a Deed of Trust securing that mortgage. (Doc. 1-1 at 7). Plaintiff's main allegation against Defendants is that, after he signed the Deed of Trust, Defendants allegedly recorded a different Deed of Trust and forged his signature on that Deed. (Doc. 1-1 at 7). Plaintiff alleges that the Property faces foreclosure "as a result of Defendants recording a deed of trust." (*Id.*). However, Plaintiff fails to articulate any connection between the foreclosure proceedings and the allegedly forged Deed of Trust.

Further, aside from alleging that his signature and initials were forged on certain pages of the Deed of Trust that was recorded, Plaintiff has failed to allege the specific terms that were changed from the Deed of Trust that he signed and the Deed of Trust that was recorded. Although not alleged in his Complaint, in his Response to the Motion to Dismiss, Plaintiff argues that "The terms of the deed are not the original terms that Plaintiff signed on April 2008." (Doc. 9 at 2). However, this allegation is vague and Plaintiff does not provide any specifics about the terms that were changed. The only specific that Plaintiff provides is that certain signatures and initials on the recorded Deed of Trust "are like robot signing since the hand that signed is not shaking while doing so." (Doc. 9 at 2).

While Defendants may be subject to criminal liability for allegedly forging Plaintiff's signature on a Deed of Trust, Plaintiff has failed to identify any specific facts or causes of action that would entitle him to the relief he seeks in his Complaint as a result of such a forgery. Further, while Plaintiff names MERS as a Defendant in this action, Plaintiff has failed to assert any facts that relate to wrongdoing by MERS.[3]

### C. Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted

Plaintiff alleges that Defendants forged his signature on a Recorded Deed of Trust. Plaintiff has failed to provide the Court with further facts that would allow the Court to

---

[3] In his Reply in Support of his Motion to Amend and at Oral Argument on the Motion to Amend, Plaintiff conceded that MERS should be dismissed from this action. (Doc. 23 at 2). Accordingly, MERS will be dismissed with prejudice.

- 7 -

properly analyze Plaintiff's causes of action of unjust enrichment, fraudulent reconveyance, or breach of good faith and fair dealing. Further, Plaintiff has failed to connect this alleged forgery to the relief he is seeking. Accordingly, Plaintiff's Complaint fails to comply with: notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the heightened standard for pleading fraud required by Rule 9(b) of the Federal Rules of Civil Procedure, and has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.   LEAVE TO AMEND

Plaintiff filed a Motion to Amend his Complaint and attached a copy of his proposed Amended Complaint to that Motion. Defendants argue that the Court should deny Plaintiff leave to amend because allowing leave to amend would be futile. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (internal citations omitted).

In his Amended Complaint, Plaintiff alleges fraudulent recording pursuant to Arizona Revised Statutes section 33-420(A) (Second Cause of Action) based on his allegations that Defendant recorded a Deed of Trust in which Plaintiff's signature and initials were forged. Plaintiff also asserts a claim for intentional infliction of emotional distress (Third Cause of Action) based on his allegations that Defendant blatantly disregarded Plaintiff's request that the non-judicial foreclosure be halted based on Plaintiff's discovery that the signatures on the Deed of Trust were forged. As a result of these alleged violations, Plaintiff seeks Quiet Title to the Property (First Cause of Action), damages, and reasonable costs and attorneys' fees.

### A.   Arizona Revised Statutes section 33-420 (Second Cause of Action) and Quiet Title (First Cause of Action)

Defendants argue that it would be futile to allow Plaintiff to amend his Complaint based on violations of section 33-420(A)[4] because the statute of limitations for such a claim

---

[4] Arizona Revised Statutes section 33-420(A) provides,

has passed. The statute of limitations for violation of section 33-420(A) is one year. *See* Ariz. Rev. Stat. § 12-541(5) ("There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions: . . .Upon liability created by statute, other than a penalty or forfeiture.").

In this case, the Deed of Trust was recorded on April 18, 2008 and Plaintiff filed his Complaint in Maricopa County Superior Court on May 3, 2011. Plaintiff argues that, even if the one year statute of limitations applies to his claim, the statute of limitations was tolled because he did not discover the forgery until he looked up his Deed of Trust through the Maricopa County recorder within a year of filing his lawsuit. Even assuming the discovery rule[5] applies in this case, it is clear from the face of Plaintiff's Complaint that he should have followed up on obtaining a copy of this Deed, either through further efforts to obtain a copy from Defendants or by searching the publicly recorded documents on the Property. Plaintiff acknowledges that he signed a Deed of Trust at the lender office in Las Vegas, but was never given a copy of the Deed of Trust. (Doc. 1-1 at 7). Plaintiff further acknowledges that he was told he would receive a copy in the mail, but a copy never arrived. (*Id.*). "Under the discovery rule, a plaintiff need not know *all* the facts underlying a cause of action to trigger accrual [of the statute of limitations], but the plaintiff must at least possess a minimum

---

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

Ariz. Rev. Stat. § 33-420(A).

[5] Under the discovery rule, a cause of action begins to accrue when a plaintiff knew or should have known of the cause of action. *Cannon v. Hirsch Law Office, P.C.*, 213 P.3d 320, 330 (Ariz. Ct. App. 2009) (internal citation omitted).

- 9 -

1  requisite of knowledge sufficient to identify that a wrong occurred and caused injury."
2  *Cannon v. Hirsch Law Office, P.C.*, 213 P.3d 320, 330-31 (Ariz. Ct. App. 2009) (internal
3  quotations and citations omitted).

4        Under these circumstances, where Plaintiff simply needed to perform a search of the title of his Property to get a copy of the allegedly forged Deed of Trust and was told he would receive a copy of such Deed of Trust, but never did, it would have taken minimal effort and would have been reasonable for Plaintiff to search the contents of the public records on the Property. *See Transamerica Ins. Co. v. Trout*, 701 P.2d 851 (Ariz. Ct. App. 1985) ("The discovery dates from the time that he, by exercise of reasonable diligence, might have discovered the fraud."); *see also Serrano v. Serrano*, No. 1 CA-CV 10-0649, 2012 WL 75639, at *4 (Ariz. Ct. App. Jan. 10, 2012) (where quit claim deed was recorded containing an allegedly fraudulent signature, Court held that Plaintiff should have been aware of the need to investigate when the deed was recorded because "[h]ad [Plaintiff] conducted any reasonable investigation about the status of the title . . . she could have discovered the fraudulent conduct she now alleges" and thus, the statute of limitations would not be tolled). Here, it is clear from the face of Plaintiff's Complaint that the statute of limitations would have begun to run within weeks of Plaintiff signing the Deed of Trust on the Property, after he realized that Defendants refused to provide him with a copy of the Deed of Trust that he signed.[6] Because over three years passed between the recording of the Deed of Trust and Plaintiff's Complaint, the statute of limitations for his section 33-420 action has run and, thus, it would be futile to allow Plaintiff to amend his Complaint to allege a violation of section 33-420.

23        Finally, Plaintiff acknowledges that his cause of action for quiet title is dependent on

---

[6] Further, although his allegations are somewhat inconsistent, it appears that Plaintiff only challenges signatures on documents that were recorded with or supplementary to the Deed of Trust, so that even if the Court were to declare those documents "void," it does not appear that the Court could declare the Deed of Trust void and thus could not grant Plaintiff the relief he is seeking. However, the Court need not further address this because the statute of limitations has run.

- 10 -

obtaining relief under section 33-420, and thus, allowing Plaintiff to amend his cause of action for quiet title would be futile.

### B. Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted based on intentional infliction of emotional distress because that claim is based on his forgery claim.

The elements of a cause of action for intentional infliction of emotional distress are (1) "the conduct by the defendant must be 'extreme' and 'outrageous;'" (2) "the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct;" and (3) "severe emotional distress must indeed occur as a result of defendant's conduct." *Mintz v. Bell Atl. Sys. Leasing Int'l., Inc*., 905 P.2d 559, 562-563 (Ariz. Ct. App. 1995) (internal quotations and citations omitted).

Accepting as true that Defendants refused to halt the foreclosure when Plaintiff claimed signatures on the Deed of Trust were forged, the Court does not find that this conduct rises to the level of extreme and outrageous conduct needed to state a claim for intentional infliction of emotional distress. Accordingly, allowing Plaintiff to amend the cause of action for intentional infliction of emotional distress would be futile.

### V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' U.S. Bank NA d/b/a U.S. Bank Home Mortgage's ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Doc. 4) is granted with prejudice.[7]

---

[7] In their Motion to Dismiss, Defendants requested attorneys' fees pursuant to Arizona Revised Statutes sections 12-341, 12-341.01, 12-349, 28 U.S.C. section 1927, and Federal Rule of Civil Procedure 11. The Court finds that Defendants are not entitled to attorneys' fees under 28 U.S.C. section 1927, Federal Rule of Civil Procedure 11 or Arizona Revised Statutes section 12-349. Further, it does not appear to the Court that this action arises out of contract so that attorneys' fees would be appropriate under Arizona Revised Statutes section 12-341.01. *See In re Estate of Olson*, 224 P.3d 938, 943 (Ariz. Ct. App.

- 11 -

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 19) is denied.

**IT IS FINALLY ORDERED** that any Motion for Attorneys' Fees shall be filed within fourteen days of the date of this Order.

The Clerk of the Court shall enter judgment for Defendants.

DATED this 7th day of May, 2012.

_____
James A. Teilborg
United States District Judge

---

2010). However, to the extent that Defendants wish to pursue an award of attorneys' fees and costs, the Court will consider whether such an award is appropriate upon Defendants' filing of a motion for attorneys' fees in compliance with LRCiv. 54.2. Any such motion shall be filed within fourteen days of the date of this Order. Further, to the extent that Defendants seek to recover taxable costs, compliance with LRCiv. 54.1 is mandatory. *See* LRCiv. 54.1; *see also Felix v. Pic-N-Run, Inc.*, No. CV 09-8015-PCT-JAT, 2012 WL 551645, at *4 (D. Ariz. Feb. 21, 2012) ("Awarding taxable costs is governed by federal law.") (internal citation omitted).